UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| HENRY TAYLOR JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>SUNTRUST BANK and<br>SUNTRUST BANKS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 3:13-CV-303-TAV-HBG |

**MEMORANDUM OPINION**

This civil action is before the Court on plaintiff's Motion to Withdraw Complaint [Doc. 17] ("Plaintiff's Motion"), in which plaintiff moves the Court to withdraw his complaint pursuant to Rule 7(b)(1) of the Federal Rules of Civil Procedure. Defendants filed a Response and Objection to Plaintiff's Motion to Withdraw Complaint [Doc. 19], construing Plaintiff's Motion as one filed pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and asking the Court to rule on their previously filed joint Rule 12(b)(6) motion [Doc. 12], which seeks dismissal of all of plaintiff's claims with prejudice. Upon review of Plaintiff's Motion, the Court agreed with defendants that the motion is of the type specified in Rule 41(a)(2) and ordered plaintiff to show cause why his motion should not be granted with prejudice as defendants contend [Doc. 21]. Plaintiff responded to this order [Doc. 27].

Also before the Court is defendants' joint motion to enjoin plaintiff from filing any further lawsuits or liens against defendants and their agents, officers, employees, and

lawyers [Doc. 22]. Plaintiff did not file a response, and the time for doing so has passed. *See* E.D. Tenn. L.R. 7.1(a), 7.2.

For the reasons stated herein, Plaintiff's Motion [Doc. 17] will be granted, and after considering the arguments of the parties, the relevant documents and exhibits, and the controlling law, the Court finds it proper to dismiss plaintiff's causes of action with prejudice. Thus, all other pending motions will be denied as moot.[1]

## I. Background

Plaintiff submits that on September 9, 2012, he mailed an "Original Promissory Note" ("Plaintiff's Document") [Doc. 10-3 p. 8] in the amount of $24,000 made payable to defendants and for deposit in plaintiff's "Demand Deposit Account" with defendants [Doc. 2 ¶ 2].[2] Defendants did not respond to this mailing or return Plaintiff's Document, and thus plaintiff began sending unsolicited, and to this date unacknowledged, mailings to defendants [*Id.* ¶¶ 3–27]. These mailings included a "Notice of Default," a "self-executing contract described as 'Petition for Agreement and Harmony in the Nature of a NOTICE OF INTERNATIONAL COMMERCIAL CLAIM WITHIN THE ADMIRALTY ab initio ADMINISTRATIVE REMEDY,'" and a "NOTICE OF AMENDED ACCOUNTING AND TRUE BILL and DEMAND FOR PAYMENT" [*Id.* ¶¶ 6–22]. By April 1, 2013, plaintiff's notices to defendants asserted that the parties had

[1] Plaintiff filed a motion to amend his complaint [Doc. 10] by adding a plethora of exhibits to it, which is currently pending before the Court. In their motion to dismiss, defendants treated this motion to amend as if it had been granted and the amendments filed, and the Court will do the same in ruling upon Plaintiff's Motion.

[2] Plaintiff has an account with defendants, but defendants specifically deny any recent lending relationship [Doc. 16 ¶ 8].

a contract under which defendants owed plaintiff $5,960,000 because, plaintiff contends, by failing to respond in any way to plaintiff, defendants "admit and agree by tacit acquiescence that [defendants] may not argue, controvert, or otherwise protest the findings in [plaintiff's] original Contract in any subsequent process, whether administrative or judicial" [*Id.* ¶¶ 22, 24].

Plaintiff's first cause of action is for "Property Had and Received – Recovery of Property," which he brings pursuant to Tenn. Code Ann. §§ 47-3-302, 29-30-101, and 29-39-101, *et seq.* [Doc. 2 ¶¶ 29–33]. With this cause of action, plaintiff seeks $24,000, the purported value of Plaintiff's Document, or the return of Plaintiff's Document [*Id.*]. His second cause of action is for "Dishonor, Default and Breach of Contract," for which he seeks compensatory and punitive damages of $5,960,000 under Tenn. Code Ann. § 29-39-101, *et seq.* [*Id.* ¶¶ 34–39]. This claim appears to be based on a contract purportedly created by defendants' failure to respond to plaintiff's mailings. To this end, plaintiff's proposed exhibits in his motion to amend the complaint include documents allegedly mailed to defendants that contain statements like "silence is acquiescence, agreement and dishonor[;] this is a self-executing contract" and

> [i]n the event Respondent(s) admits the statements and claims by TACIT PROCURATION, all issues are deemed settled RES JUDICATA, STARE DECISIS and COLLATERAL ESTOPPEL, and as a result, JUDGMENT BY ESTOPPEL, and are not subject to appeal. Respondent(s) may not argue, controvert, or otherwise protest the finality of the administrative findings Within the Admiralty in any subsequent process, whether administrative or judicial.

[Doc. 10-3 pp. 34–35].

Defendants have filed a joint motion to dismiss both claims with prejudice. As mentioned, plaintiff has since filed what the Court has construed as a Rule 41(a)(2) motion to dismiss his claims without prejudice, in which plaintiff asserts he must first exhaust "the administrative processes entailed in certifying the 'breach'" [Doc. 17]. Plaintiff thus seeks to withdraw his complaint so that he may "complete and certify exhaustion of administrative procedures before filing a complaint for equitable relief in proper ordinary jurisdiction" [*Id.*]. Having construed Plaintiff's Motion as one made pursuant to Rule 41(a)(2), the issue for the Court is whether to dismiss plaintiff's claims with prejudice, or without.

Plaintiff's Motion was filed after defendants moved to dismiss plaintiff's claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and answered plaintiff's complaint. Thus, in response to Plaintiff's Motion, defendants asked that the Court rule on their pending Rule 12(b)(6) motion. Upon review of Plaintiff's Motion, defendant's response, and the pending Rule 12(b)(6) motion, the Court ordered plaintiff to show cause why Plaintiff's Motion should not be granted with prejudice. Plaintiff responded that he wished to withdraw his complaint "because the form and jurisdiction of [the] Original Complaint are incorrect," and he noted that he planned to refile in a "proper jurisdiction and in proper form." [Doc. 27]. Thus, plaintiff moved the Court to dismiss his complaint without prejudice [*Id.*].

In support of this request, plaintiff states that he "is NOT a licensed attorney, member of a private BAR guild, or holder of a Juris Doctor degree" and is instead "a

natural human being who tries to administer their worldly and spiritual affairs with due attention and seriousness of purpose" [*Id.*]. He also mentions his difficulty in understanding the law and that he believes he has been injured by defendants in regard to the events described in his complaint [*Id.*]. Therefore, he states, he "reserves all rights to act without prejudice in [his] capacity as a natural person" [*Id.*]. Plaintiff cites in support Article I, Section 10 of the United States Constitution, which is the Contracts Clause, a provision from the Internal Revenue Service Manual ("I.R.S. Manual"), and a section from the Uniform Commercial Code ("U.C.C.") [*Id.*].

## II. Standard of Review

Because Plaintiff's Motion was filed after defendants' answer to the complaint, Rule 41(a)(2) of the Federal Rules of Civil Procedure governs this motion. *Cf.* Fed. R. Civ. P. 41(a)(1) (stating that a plaintiff does not need a court order to dismiss his or her action if a notice of dismissal is filed before the defendant files an answer or motion for summary judgment or if all parties stipulate to the dismissal). Rule 41(a)(2) provides in pertinent part: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."

Importantly, "the last sentence of Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion to dismiss without prejudice." *United States v. One Tract of Real Prop. Together With all Bldgs.*,

*Improvements, Appurtenances & Fixtures*, 95 F.3d 422, 425 (6th Cir. 1996). So, "[a] voluntary dismissal without prejudice is not a matter of right." *Quiktrak, Inc. v. Hoffman*, No. 1:05-CV-384, 2005 WL 2465735, at *2 (W.D. Mich. Oct. 6, 2005). The Sixth Circuit "reviews a district court's decision regarding a Rule 41(a)(2) motion for an abuse of discretion." *One Tract of Real Prop.*, 95 F.3d at 425. "The primary purpose of [Rule 41(a)(2)] in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994).

Consequently, "[g]enerally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Id.* (quoting *Cone v. West Virginia Pulp & Paper Co.*, 330 U.S. 212, 217 (1947); *Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 473 (7th Cir. 1988)). To determine whether a defendant will suffer plain legal prejudice, courts consider factors such as:

> the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant.

*Id.* (citing *Kovalic*, 855 F.2d at 474). Each of these factors serves as a guide for the district court and need not be resolved in favor of the moving party for dismissal to be appropriate. *Rosenthal v. Bridgestone/Firestone*, 217 F. App'x 498, 502 (6th Cir. 2007). Moreover, "[a]t the point when the law clearly dictates a result for the defendant, it is

unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Grover by Grover*, 33 F.3d at 719.

The Sixth Circuit has held that "three factors must be considered in determining whether a court abused its discretion when it dismissed a complaint with prejudice in response to a plaintiff's request for dismissal without prejudice." *One Tract of Real Prop.*, 95 F.3d at 425.

> First, the district court must give the plaintiff notice of its intention to dismiss with prejudice. Second, the plaintiff is entitled to an opportunity to be heard in opposition to dismissal with prejudice. Third, the plaintiff must be given an opportunity to withdraw the request for voluntary dismissal and proceed with the litigation.

*Id.* at 425–26 (citations omitted).

## III. Analysis

Given defendants' motion to dismiss and response to Plaintiff's Motion, the Court ordered plaintiff to show cause why his complaint should not be dismissed with prejudice [Doc. 21]. This order provided plaintiff the notice, opportunity to be heard, and opportunity to withdraw his motion. In response, plaintiff stated that he planned to refile his claims in a "proper form and . . . proper jurisdiction" and that he lacked the legal expertise of a licensed attorney [Doc. 27]. In Plaintiff's Motion, plaintiff mentioned refiling his claims in an administrative venue, but he did not identify a particular venue. It is unclear what plaintiff means in terms of the proper form and jurisdiction for his claims.

Plaintiff's response to the Court's show cause order fails to demonstrate why it would be improper for the Court to dismiss plaintiff's action with prejudice. Rather than responding to the merits of defendants' arguments or identifying evidence supporting his claims, plaintiff simply "reserves all rights to act without prejudice in [his] capacity as a natural person," citing the Contracts Clause of the United States Constitution and provisions in the I.R.S. Manual and U.C.C. in support [*Id.*]. The Court will therefore dismiss plaintiff's action with prejudice. Regarding the *Grover by Grover* factors for determining whether a defendant will suffer plain legal prejudice as a result of a dismissal without prejudice, the Court finds that plaintiff insufficiently explains his need to withdraw his complaint, and though defendants have not filed a motion for summary judgment, they have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. To this end, defendants responded to Plaintiff's Motion by referring the Court to their motion to dismiss, submitting that it is proper for the Court to dismiss plaintiff's complaint with prejudice [Doc. 20].[3]

In their motion to dismiss pursuant to Rule 12(b)(6), defendants argue that plaintiff's first cause of action for recovery of property fails to state a claim for which relief can be granted for several reasons. First, defendants argue that Plaintiff's Document [Doc. 10-3 p. 8] is neither a negotiable instrument nor a note under Tennessee law and is therefore valueless [Doc. 20]. Moreover, defendants submit that plaintiff's

[3] Defendants also contend that they have incurred significant legal expenses thus far in the litigation and that plaintiff has no financial disincentive to refile his "spurious" claim, given that plaintiff filed in forma pauperis and has tax liens in excess of $274,000 [Doc. 20].

second cause of action for dishonor, default, and breach of contract must likewise be dismissed because the mutual assent required to form a contract under Tennessee law was never accomplished [*Id.*].

The Court has carefully reviewed each party's filings and concludes that given the record before the Court and plaintiff's response to the Court's show cause order, it is proper to dismiss plaintiff's claims with prejudice pursuant to Rule 41(a)(2). Concerning plaintiff's first cause of action, the Court finds that plaintiff's argument that defendants owe him $24,000 pursuant to Tenn. Code Ann. § 47-3-302, the "holder in due course" statute, is rebuffed by plaintiff's own allegation that defendants have not given value for Plaintiff's Document or communicated with plaintiff in any fashion regarding Plaintiff's Document. *See id* Tenn. Code Ann. § 47-3-302(a)(2) (stating that in order to be a "holder in due course," one must give value in exchange for the instrument).

Plaintiff also seeks recovery of either Plaintiff's Document or its purported value, $24,000, plus damages, pursuant to Tenn. Code Ann. §§ 29-30-101, 29-39-101, *et seq.*, and 47-3-502. It is doubtful that Plaintiff's Document is "tangible personal property" so as to be covered by Tenn. Code Ann. § 29-30-101. *See* Tenn. Op. Atty. Gen. No. 98-012 (1998), 1998 WL 49373 (finding that, "[a]lthough evidenced by a tangible object, that is, the check itself, a personal check is essentially intangible" as it is an order to pay a fixed amount of money, and thus "[i]n the absence of a controlling statute to the contrary, it is therefore likely that a court would conclude that a personal check is not tangible personal

property"). As a result, the Court finds plaintiff is not entitled to recover Plaintiff's Document under the Tennessee replevin statute for tangible personal property.

In addition, Plaintiff's Document is not a negotiable instrument, or note, under Tennessee law as it is not "an unconditional promise or order to pay a fixed amount of money." Tenn. Code Ann. § 47-3-104; *see also* Tenn. Code Ann. §§ 47-3-103(5), (8), (b) (defining "order" and "promise" and stating that Tenn. Code Ann. § 47-3-104 defines "negotiable instrument" and "note").[4] Accordingly, defendants have not dishonored a "note" under Tenn. Code Ann. § 47-3-502. Even more, based on the current record, Plaintiff's Document appears to have no value considering it is not a note or negotiable instrument. Consequently, plaintiff is not entitled to recover damages for its loss pursuant to Tenn. Code Ann. § 29-39-101 *et seq.* In summary, plaintiff has cited no authority for the proposition that he is entitled to the return of Plaintiff's Document or any monetary award in lieu of such return. Thus, the Court will dismiss plaintiff's first claim with prejudice. *See Grover by Grover*, 33 F.3d at 718 (holding that when the law clearly dictates a result in favor of the defendant, a dismissal without prejudice is unfair).

As for plaintiff's second cause of action, plaintiff argues that defendants have committed default, dishonor, and breach of contract, thereby entitling plaintiff to $5,960,000. This claim is based on the premise that plaintiff and defendants have a contract as a result of plaintiff's unsolicited mailings to defendants and their lack of a

[4] Further, as defendants point out, Plaintiff's Document is signed by "Henry-Taylor: Johnson," who is not a party to this action [Doc. 10-3 p. 8]. It appears that this is an alternate name for plaintiff [*Id.* at 37–38].

response to such. In Tennessee, "[i]t is well established that a contract can be express, implied, written, or oral, 'but an enforceable contract must result from a meeting of the minds in mutual assent to terms.'" *Thompson v. Hensley*, 136 S.W.3d 925, 929 (Tenn. Ct. App. 2003) (quoting *Klosterman Development Corp. v. Outlaw Aircraft Sales, Inc.*, 102 S.W.3d 621, 635 (Tenn. Ct. App. 2002)). Because defendants have never acknowledged plaintiff's unsolicited mailings, they have not assented to any contract, and thus plaintiff's purported contract fails for lack of mutual assent. As a result, defendants have not breached, dishonored, or defaulted upon a contract with plaintiff related to Plaintiff's Document, as no such contract was created. Therefore, because the law clearly dictates a result in favor of defendants, it is proper to dismiss plaintiff's second cause of action with prejudice. *See Grover by Grover*, 33 F.3d at 718.

## IV. Conclusion

For the reasons stated herein, plaintiff's Motion to Withdraw Complaint [Doc. 17] will be **GRANTED**, and plaintiff's claims will be **DISMISSED with prejudice**. Plaintiff's Motion to Amend [Doc. 10], defendants' Joint Motion to Dismiss Complaint and All Claims [Doc. 12], and defendants' Joint Motion for Entry of an Order Enjoining the Plaintiff from Filing Any Further Lawsuits and Liens Against the Defendants, Their Agents, Officers, Employees, and Lawyers [Doc. 22] will be **DENIED as moot**.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE